MURDOCK, Justice
(dissenting).
I first note that we should take care not to confuse whether we can decide an issue as a matter of law with whether the underlying issue being decided is itself a question of law or one of fact.
An action alleging that Carol Mahoney was the owner of the condominium and seeking condominium fees from her in that capacity states a cognizable legal theory; it therefore is not groundless in law. At least until the amendment of the complaint in the circuit court identifying Mahoney merely as a “resident” of the condominium unit, that was the nature of the action brought against Mahoney.
The fact that Loma Ata Property Owners Association, Inc. (“LAPOA”), later acquired information indicating that Maho-ney was not the owner of the condominium unit (and amended its complaint to that effect) raises the question whether, from the outset, the claim was groundless in fact. I cannot conclude as a matter of law that it was.
This is a case in which LAPOA pursued its claim against Mahoney in the context of the following: (1) Mahoney filed an answer in the district court admitting that she owed a portion of the condominium fees at issue, fees that are owed only by the owner of a condominium unit; (2) in her amended answer in the circuit court, Ma-honey made only a general denial of the allegations in the complaint, “demanding] strict proof thereof,” but did not specifically deny ownership of the unit; (3) Maho-ney continued to imply that she was the owner of the condominium unit by propounding, and moving the circuit court to compel an answer to, an interrogatory requiring LAPOA to “state each and every fact that you rely upon to support your claim that you have the right to charge property owners of Loma Ata for proper *527 ty owner fees, assessments, [etc.]” (a similarly worded request for production was propounded by Mahoney); (4) Mahoney lived alone in the condominium unit for the 9-10 years preceding the filing of the complaint; (5) Mahoney engaged in a course of dealing in which she paid and assumed responsibility for payment of fees owed by the condominium owner, i.e., the very fees that are the subject of this litigation; (6) Mahoney claimed setoffs to which only the owner of the condominium unit would be entitled; and (7) Mahoney apparently held out to the public that she was the owner of the unit and never asked that bills for the fees be directed to anyone else.
The circuit court decided that an action against Mahoney for the collection of condominium fees under the foregoing circumstances was not “frivolous,” “groundless in fact,” “vexatious,” or “interposed for an improper purpose.” Given those circumstances, I cannot conclude that this decision of the circuit court was “clearly erroneous,” “without supporting evidence,” “manifestly unjust,” or “against the great weight of the evidence.” In particular, given the history of pre-litigation dealings between the parties and, indeed, the positions taken by Mahoney in the course of this litigation, I cannot conclude that the circuit court exceeded its discretion to the extent that it rejected the notion “that no reasonable and competent attorney would have” retained Mahoney as a defendant even after December 21, 2006, pending a definitive decision by the court as to liability for the condominium-unit fees. Moreover, given the foregoing considerations, I certainly cannot conclude that the circuit court exceeded its discretion in refusing Mahoney’s request for an award of attorney fees incurred by her throughout the full course of the litigation.[5]
Because I would affirm the circuit court’s decision, I respectfully dissent.

. I can understand why the circuit court felt that, given the course of dealing between the parties before the litigation and the positions taken by Mahoney throughout most of the litigation, she should not be heard to claim that the litigation was frivolous or interposed for an improper purpose and that she was entitled to an award of her attorney fees.